## CHISOS MINING CO. v. LLANEZ.*
### (No. 2043.)

Court of Civil Appeals of Texas. El Paso.
Sept. 22, 1927.

Rehearing Denied Oct. 13, 1927.

1. **Appeal and error** ⬅️231(9) — **Objection to court's definition of proximate cause, that it was not full enough and omitted some essential elements, held insufficient (Rev. St. 1925, art. 2185).**

In personal injury action, objection to court's definition of proximate cause contained in charge, that it was not full enough and omitted some of elements essential and necessary in definition of proximate cause as applied to facts in case, under Rev. St. 1925, art. 2185, was too general and insufficient because of failure to advise court in what particular definition was not full enough and what element of proximate cause was omitted.

2. **Evidence** ⬅️265(8)—**Defendant's abandoned pleading that operator stopped bucket on signal held to constitute admission that operator purposely stopped descent of bucket.**

In miner's action for personal injuries from being thrown from bucket in which he was being let down into mine, defendant's abandoned pleading, offered in evidence, that operator stopped bucket on signal from plaintiff, constituted admission that operator purposely stopped it by brake or stopping device with which hoisting machine was equipped, and that he suddenly applied brake as alleged.

3. **Master and servant** ⬅️286(19)—**Peremptory Instruction for employer of miner thrown from bucket by sudden stopping, held properly refused.**

In miner's action for personal injury from being thrown from hoisting bucket by suddenly stopping it, evidence that bucket was suddenly stopped by application of brake or stopping device to hoisting machinery held to render refusal of peremptory instruction for defendant employer proper.

4. **Trial** ⬅️215—**In cases submitted on special issues, instructing as to law arising on facts, with direction as to answer to be returned if certain state of facts exists, is improper.**

In cases submitted on special issues, it is improper to instruct jury as to law arising on facts, with direction as to answer to be return-

ed to issue if certain state of facts is found to exist.

5. **Damages** ⬅️221—**Evidence held not to raise issue of employee's refusal to submit to operation.**

In miner's action for personal injuries evidence of physician, who testified he did not regard operation as advisable and advised plaintiff not to have it performed, *held* not to raise issue of plaintiff's refusal to submit to operation.

6. **Appeal and error** ⬅️216(1), 263(3)—**Failure to charge on burden of proof held to present no error, in absence of request therefor or exception.**

Failure to charge on burden of proof presents no error, in absence of request to do so or exception to charge for want of such instruction.

Appeal from District Court, Brewster County; C. R. Sutton, Judge.

Action by Ursulo Llanez against the Chisos Mining Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. Van Sickle, of Alpine, and J. R. Harper, of El Paso, for appellant.

John Perkins, of Alpine, and Victor C. Moore and Goldstein & Smith, all of El Paso, for appellee.

HIGGINS, J. Appellee, an employee of appellant, sustained personal injuries while in the course of his employment. He sued for damages and recovered judgment. Appellant owned and operated a mine. Appellee was being lowered into the mine in a bucket operated by another employee of appellant. It was alleged that the operator of the machinery lowering the bucket operated the same at a high and dangerous rate of speed and suddenly and violently applied the brake or stopping device, whereby the descent of the bucket was stopped with a violent jerk, thereby causing appellee to fall out of the bucket and 50 feet to the bottom of the shaft. In consequence of the fall, appellee had his hip badly broken and sustained other minor injuries.

Our conclusions disposing of the various assignments and propositions submitted by appellant are as follows:

[1] 1. The definition of proximate cause contained in the court's charge was correct and sufficient. The objection to the definition made in the trial court was that it "is not full enough and omits some of the elements that are essential and necessary in the definition of proximate cause as applied to the facts in this case." This objection did not advise the court in what particular the definition was not full enough or what element of proximate cause was omitted. The objection itself was too general, did not comply with the statute (article 2185, R. S.), and was insufficient. Isbell v. Lennox, (Tex. Sup.)

295 S. W. 920; El Paso & S. W. R. Co. v. Lovick (Tex. Civ. App.) 210 S. W. 283; Texas & P. R. Co. v. Prunty (Tex. Civ. App.) 233 S. W. 625.

[2, 3] 2. The assignment complaining of the refusal of a peremptory instruction in appellant's favor is overruled. It is asserted the evidence fails to show that the operator of the machine lowering the bucket into the shaft suddenly applied the brake as alleged. Appellee offered in evidence an allegation contained in an abandoned pleading of appellant that the operator stopped the bucket upon signal from appellee. This was an admission by appellant that the operator purposely stopped the descent of the bucket by the brake or stopping device with which it is shown the machine was equipped. And the other evidence shows that the bucket was suddenly stopped without signal from appellee, thus circumstantially showing that the brake or stopping device was suddenly applied as by the plaintiff alleged. The theory upon which the instruction was requested is therefore not supported by the evidence.

[4] 3. Special charge No. 3, requested by appellant, was properly refused, for the reason, among others, that, in cases submitted upon special issues, it is improper to instruct the jury as to the law arising on the facts, with direction as to the answer to be returned to an issue if a certain state of facts be found to exist. Freeman v. Railway (Tex. Com. App.) 287 S. W. 902; Humble, etc., Co. v. McLean (Tex. Com. App.) 280 S. W. 557; Connellee v. Nees (Tex. Com. App.) 266 S. W. 502; Texas & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188.

[5] 4. The evidence does not raise the issue of a refusal by appellee to submit to an operation intended to alleviate his injury. Dr. Wilson himself testified he did not regard the operation as advisable, and advised appellee not to have it performed. Hence the court did not err in refusing to submit issue No. 4, requested by appellant.

[6] 5. The failure to charge upon the burden of proof presents no error, in the absence of request so to do or exception to the charge for want of such instruction.

Affirmed.

