## McWILLIAMS v. HAILEY.

### No. 4951.

Court of Civil Appeals of Texas. Texarkana.

June 18, 1936.

Rehearing Denied July 2, 1936.

D. A. Frank, of Dallas, for appellant.

Jones & Jones, Lane & Lane, and Julian P. Moseley, all of Marshall, for appellee.

JOHNSON, Chief Justice.

This suit was instituted by appellee, Thomas L. Hailey, on behalf of himself and his wife, Mrs. Mary Hailey, against appellant, Mrs. Fred McWilliams, a feme sole.

The petition alleges that Mrs. Mary Hailey was riding in the automobile of Mrs. Fred McWilliams as an invited guest on July 19, 1932; that Mrs. McWilliams. in driving the automobile negligently and carelessly caused it to leave the highway, overturning and inflicting upon Mrs. Hailey serious personal injuries, for which appellee sought to recover damages. The plaintiff further alleged that the injuries were inflicted in the state of Louisiana, the laws of which state were pleaded as governing, and which in effect permit recovery by the guest for damages inflicted as result of the failure of the driving host to exercise ordinary care, and is not confined to willful, reckless, and heedless actions of the operating owner (as under the guest statute of this state, article 6701b, Vernon's Texas Statutes, Centennial Edition).

The appellant answered by general denial and specially alleged acts of contributory negligence on the part of Mrs. Hailey.

The case was tried to a jury. In answer to special issues the jury found:

That the rate of speed at which Mrs. McWilliams was operating the car at the time of the accident was forty-seven miles per hour; that operation of the car at such rate of speed was not negligence.

That Mrs. McWilliams while operating her automobile at such rate of speed drove or permitted it to pass from and off the hard-surfaced portion of the highway; that such action on the part of Mrs. McWilliams was negligence.; that such negligence of Mrs. McWilliams was a proximate cause of the injuries sustained by Mrs. Hailey.

That the overturning of Mrs. McWilliams' automobile on the occasion in question was not an unavoidable accident.

That the automobile was not caused to go out of control and overturn by reason of the breaking of a kingpin or kingbolt in its right front wheel.

That Mrs. Hailey did not fail to keep a proper lookout just before and at the time the automobile left the highway and overturned.

That Mrs. Hailey did not fail to warn Mrs. McWilliams just before and at the time of the overturning of the car not to operate it at a high and excessive rate of speed.

That Mrs. Hailey was not guilty of contributory negligence in failing to warn Mrs. McWilliams just prior to and at the time of the overturning of the automobile not to operate it at a high and excessive rate of speed.

That Mrs. Hailey was guilty of contributory negligence in failing just before and at the time of the overturning of the car to warn Mrs. McWilliams not to operate the car so close to the edge of the hard-surfaced portion of the highway as not to lose control of same.

That Mrs. Hailey just prior to the overturning of the car failed to complain as to the method and manner of operating the car.

That Mrs. Hailey was not guilty of contributory negligence in so failing to complain of the method and manner of operating the car.

The jury assessed the damages at $8,000. The plaintiff and defendant each filed motions for judgment in his favor. On consideration of the motions, the court overruled the motion of defendant and granted the motion of plaintiff. Accordingly, judgment was entered for plaintiff, and from which defendant has appealed.

Appellant's first proposition asserts that the court erred in not rendering judgment for defendant, because of the jury's answer to special issue No. 16. The ques-

tion propounded and the jury's answer thereto, as to special issue No. 16, read as follows: "Do you find from a preponderance of the evidence that the action of Mrs. Mary Hailey in failing to warn defendant, Mrs. Fred McWilliams, not to operate the car so close to the edge of the hard-surfaced portion of the highway just before and at the time of the overturning of defendant's car as not to lose control of the same, was contributory negligence as that term has been defined to you?" Answer: "Yes."

The record shows that the judgment was entered pursuant to a motion of plaintiff, disregarding the jury finding in answer to special issue No. 16, and on express finding of the trial judge, that the jury's finding had no support in the evidence and was immaterial.

It is the contention of appellant that the action of the trial court, in disregarding the jury's answer to special issue No. 16 because it had no support in the evidence, was without authority of law: (1) Because, it is contended, no objection was made by appellee to the submission of the issue to the jury; (2) because no motion was filed and notice thereof given to invoke such action of the court, it being contended that "the court merely acted upon its own initiative in finding judgment in favor of plaintiff and writing into the judgment that there was no evidence to support special issue No. 16"; (3) that the jury's answer to special issue No. 16 is supported by the evidence.

Article 2211, Vernon's Texas Statutes (Centennial Edition) reads: "The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, *and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence.* Only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by Law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or interveners." (Italics ours.)

The first (1) contention of appellant above stated has been met by appellee's perfecting the transcript by writ of certiorari showing appellee's objections and exceptions to the court's charge, duly presented in the trial court, and objecting and excepting to the submission of special issue No. 16, because not raised by the evidence.

With respect to appellant's second (2) contention above stated, the record shows that appellee duly filed a motion requesting the court to enter judgment in accordance with the draft of judgment attached to the motion. The draft is in due form of judgment and recites the verdict of the jury by setting out each issue submitted and the answer of the jury thereto, and further recites: "And the court having received such verdict, is of the opinion that the same entitled plaintiff to judgment, in that there was no evidence raising issue No. 16, above set forth, and that the answer of the jury thereto was and is immaterial."

In substance and effect the motion is clearly a request of the court to disregard the jury's finding in answer to special issue No. 16 on the ground that it has no support in the evidence, and to render judgment for appellee on the remaining answers of the jury. Its purpose, nature, and the specific ground on which it was based are disclosed by the motion. The statute does not prescribe a particular form of such motion. It is sufficient if its nature and grounds are made clear. Appellee's motion meets these requirements of the statute.

There does not appear in the record that any special or formal *notice* of motion was issued and served upon appellant. The statute does not prescribe as to the manner and character of the notice of a motion further than requiring "reasonable" notice. The record reflects that appellant was present in court and presented her motion for a judgment at the same time the motion of appellee was presented, and that appellant then and there duly excepted to the rulings of the court had on each of said motions, and without making any complaint as to the reasonableness of the actual notice which she had of the motion, and without requesting further time for the consideration of same. No complaint was made of the notice in appellant's motion for new trial. Complaint as to notice is made for the first time in this court. In

these circumstances appellant's contention as to the notice of the motion is overruled.

Also appellant's third (3) contention, to the effect that the jury's finding in answer to special issue No. 16 is supported by the evidence, cannot be sustained. The evidence, without conflict, shows that just immediately preceding the accident appellant was operating the car in a not unusual manner of driving, along the middle of a straight concrete highway, traveling north, when she turned it to the right side of the road and off the hard-surfaced portion of the highway onto the grass and gravel, and in attempting with a quick jerk to steer it back on the road, lost control of it and went into the ditch on the left-hand side, wrecking the car and injuring the occupants. As to the manner and time of the car leaving the road and the happening of the accident, the testimony of the witnesses, including appellant, and the attending circumstances, do not conflict with but support the following testimony of Mrs. Hailey, who was riding on the back seat of the car at the time of the accident; direct examination by appellee:

"A. I noticed she was getting to the side of the highway and I looked at her to see if she was conscious of what she was doing and see if a car was coming and there wasn't a car in sight, and by that time the car dropped off the highway and I felt a jolt.

"Q. When you jolted down from the highway what movement did the car next make? A. Well, Mrs. McWilliams pulled the wheel (car) back to the left.

"Q. Did the car move suddenly or otherwise? A. She jerked it suddenly back to the left of the road.

"Q. Then what course did the car take? A. The car took a direct course to the ditch on the opposite side but she managed to keep it out of the ditch at that time and went back across the highway again, and then back to the left and into the ditch, made two swerves across the highway back and forth. * * *"

Cross-examination by appellant:

"Q. You didn't say anything to her the time the car went on the right side of the road? A. At that time nothing could be said.

"Q. The truth of the matter is the accident happened so quickly you didn't have time to say anything? A. When I noticed we were leaving the center of the road I looked at Mrs. McWilliams to see if she was aware she was getting to the side of the road and I looked to see if anyone was coming and by that time she pulled off the highway and then she pulled back and we all looked. * * *

"Q. How did you look out the side and front and back; how did you do all that looking from the time the car began to go on one side until it turned over? A. I became aware the car was not in the center of the highway and I looked at Mrs. McWilliams and I looked back and we dropped off the pavement about that time."

Briefly stated, the evidence shows that Mrs. Hailey, though a back-seat occupant of the car, was, immediately preceding and at the time of the accident, duly observing the manner and attending circumstances of its operation, with respect to which there was nothing unusual to apprise her of any danger of the happening of the accident which so quickly followed.

The fact that Mrs. Hailey observed that the car was going from the center to the right of the highway—the proper side for its operation—was no indication that the driver would permit the car to run off the road and lose control of it, or "that she was going to operate it so close to the edge of the hard surface of the highway as to lose control of the car," even should it be assumed that operation of a car close to the edge of the hard surface of a highway would cause a driver to lose control of it, which is not a proven fact in this case. In Horton & Horton v. House (Tex. Com.App.) 29 S.W.(2d) 984, 986, the court used language particularly applicable to the facts which we have under consideration in this case, and which we quote: "Furthermore, the circumstances about which there is no contradiction clearly indicate that the defendant in error was under no legal duty to warn Mrs. Glass of the impending collision, since no opportunity was presented to her of learning of the danger in time to give such warning." Appellee presents a counter proposition, which we feel compelled to agree with, to the effect that by use of the word "not" the second time in special issue No. 16, its office as a fact-finding inquiry on contributory negligence was destroyed. That is to say, Mrs. Hailey could not be guilty of contributory negligence in failing to warn Mrs. McWilliams "not to operate the car so * * * as *not* to lose control of it."

■ Appellant's ninth proposition complains of the court's definition of the expression "new and independent cause," used by the court in his definition of "probable cause" as that term was defined in his charge to the jury. The definitions as given by the court read:

" 'Proximate cause,' as that term is used herein, means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces the injury, if any, complained of and without which that injury, if any, would not have occurred. It is not necessarily the nearest cause in time of physical sequence, but is a cause without which the injury, if any, would not have occurred and from which that injury, if any, or some like injury, might reasonably have been anticipated by a person of ordinary care as a natural and probable consequence.

"You are instructed that 'new and independent cause' as that term is used herein is an intervening efficient force which breaks the casual connection between the original wrong and the injury. Such new force must be sufficient of itself to stand as the cause of the injury and be one but for which the injury would not have occurred. The term 'new' refers to and means a cause incapable of being reasonably foreseen by the original wrongdoer by the use of ordinary care on his part; and the word 'independent' refers to and means the absence of the relation of cause and effect between the new cause and the original wrongful act or omission; and, unless the intervening cause is thus both new and independent, sufficient of itself to stand as the cause of the injury, breaking the casual connection, the original wrongdoer is not relieved from legal responsibility for his wrong or negligence."

The specific complaint made in this court by appellant to the trial court's definition of "new and independent cause" is that the word "causal" should have been used instead of the word "casual" as appears in the definition.

The objections made by appellant in the trial court to the definition read as follows:

"The court erred in defining the term 'new and independent cause' and incorrectly tells the jury that it is an intervening, efficient force which breaks the casual connection between the original wrong and the injury, and the jury will thereby be misled, said definition being inaccurate, improper and incorrect and defendant now moves the court to give a correct definition of 'new and independent cause.'

"The court erred in instructing the jury that 'unless the intervening cause is thus both new and independent, sufficient of itself to stand as the cause of the injury, breaking the casual connection, the original wrong doer is not relieved from legal responsibility for his wrong or negligence,' because said statement is inaccurate, is improper, is a mere illustration and is an incorrect illustration of 'new and independent cause' and is inapplicable to the definition of new and independent cause and said instruction taken with the rest of the instruction in regard to new and independent cause is insufficient to apprise the jury of what is meant by the term New and Independent cause and defendant now moves the court to give to the jury a correct, concise, and legal definition of New and Independent cause."

Appellant in the trial court did not object to the definition on the express ground that it used the word "casual" instead of "causal." Terms of a most general nature were used by appellant in the trial court to express her objections, namely, that the definition would mislead the jury, was inaccurate, improper, incorrect, and a mere illustration and an incorrect illustration of new and independent cause, inapplicable to a definition of "new and independent cause" and insufficient to apprise the jury of what is meant thereby. No specific complaint is made therein as to the use of the word "casual" instead of "causal," nor is the general language used such as may reasonably be calculated to attract the attention of the trial court to the mistake in using the word "casual" for "causal." The error as here complained of was not *pointed out* in appellant's objections to the trial judge.

"The rule is that in order for an objection to a charge or instruction, given in connection with special issues, to be of avail, the error sought to be complained of must be pointed out." San Antonio Public Service Co. v. Murray (Tex.Com.App.) 90 S.W.(2d) 830, 831; Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Perkins v. Nevill (Tex.Com.App.) 58 S.W.(2d) 50; Gulf, T. & W. Ry. v. Dickey, 108 Tex. 126, 134, 187 S.W. 184, 187; Walker v. Haley, 110 Tex. 50, 214 S.W. 295; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.

W.(2d) 474, 479. Quoting from the last-cited case: "The inquiry therefore follows, in the present case, whether the objection to the charge sufficiently specified the error sought to be complained of. To come within the rule entitling a party to raise the point on appeal, the objection should point out specifically wherein the charge is claimed to be erroneous." See, also, Chisos Mining Co. v. Llanez (Tex. Civ.App.) 298 S.W. 642; Gulf, C. & S. F. Ry. v. Hines (Tex.Civ.App.) 4 S.W.(2d) 641; Norwich Union Indemnity Co. v. Wilson (Tex.Civ.App.) 17 S.W.(2d) 68; Chase Bag Co. v. Longoria (Tex.Civ.App.) 45 S. W.(2d) 242; Ft. W. & D. C. Ry. v. Rowe (Tex.Civ.App.) 69 S.W.(2d) 169. The assignment is overruled.

We have carefully considered appellant's remaining propositions, but do not find error presented by any of them. With due regard to their presentation, we do not feel that any good purpose can be served by lengthening the opinion to write on each of them.

The judgment is affirmed.

HALL, J., not sitting.