**TREVINO et al. v. KIBBE et al.**

No. 2179.

Court of Civil Appeals of Texas. Waco.

Nov. 9, 1939.

Lloyd & Lloyd, of Alice, and James Tafolla, Jr., of San Antonio, for appellants.

Whipple & Rabel and Tabor Stone, all of San Antonio, for appellees.

ALEXANDER, Justice.

This is an appeal from an order of the trial court overruling pleas of privilege. The appellants failed to file briefs within the time required by law, and, as a consequence, the appellees have filed a motion for affirmance of the judgment. Appellants have now filed a suggestion of fundamental error and have asked that the record be considered for this purpose.

O. P. Kibbe and wife sued J. O. Trevino, Sr., and his son, J. O. Trevino, Jr., in Bexar county, for damages for personal injuries growing out of an automobile collision which occurred in the city of San Antonio. They alleged that J. O. Trevino, Jr., while intoxicated and driving an automobile as the agent of and on an errand for his father, J. O. Trevino, Sr., negligently ran the automobile being driven by him against the automobile in which Mrs. Kibbe was riding and inflicted severe personal injuries to her. Both J. O. Trevino, Sr., and his son filed pleas of privilege to be sued in Duvall county, the county of their residence. The trial court, after hearing the evidence, overruled the pleas of privilege.

Appellants apparently concede the sufficiency of the pleadings to establish a trespass within the meaning of section 9, Art. 1995, Revised Civil Statutes, so as to authorize a suit in Bexar county, but have gone into the testimony at great length to show that the evidence was insufficient to prove that J. O. Trevino, Jr., was acting as the agent of his father at the time of the collision. However, as above stated, the case is presented on fundamental error only, and the rule appears to be that in order for an error to be fundamental, it must be apparent of record, and an error is not apparent of record or fundamental if its discovery necessitates an extended examination of the statement of facts and the weighing of the evidence pertinent thereto. 3 Tex.Jur. 817; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, par. 7; Ford & Damon v. Flewellen, Tex.Com.App., 276 S.W. 903; Blackmon v. Trail, Tex.Com.App., 12 S.W.2d 967. Since the error, if any, here contended for cannot be discovered without an extended examination of the statement of facts and is therefore not apparent of record, appellants are not entitled to have the judgment reversed on account thereof.

Appellees' motion for affirmance is granted.