**STEED et al. v. STATE.**

No. 6103.

Court of Civil Appeals of Texas. Texarkana.

April 28, 1944.

Rehearing Denied May 4, 1944.

Robert S. Vance and Herbert Line, both of Texarkana, for appellant.

Weldon Glass and L. C. Boswell, both of Texarkana, for appellee.

WILLIAMS, Justice.

All the requirements of Sec. 7 of Article 2338—1, Vernon's Ann.Tex.Civ.Sts., known as the Juvenile Delinquency Act, were complied with in the allegations of the petition against Ray Steed and in the petition against Leslie Wray, both filed August 14, 1943, in the District Court, Bowie County, Texas, sitting as a Juvenile Court in said county. Process was had upon the respective parents as required by Sec. 8 of the Act.

That portion of the petition filed against Steed, being verbatim to that filed against Wray except as to name of defendants and names of parents, which is pertinent to the points presented, reads:

"And (petitioner) represents to the court, that Ray Steed is a male child of 16 years of age, residing in Bowie County, Texas, who appears to be a delinquent child. Your petitioner alleges the following facts which appear to bring said child within the provisions of the Delinquent Child Act, to-wit: The said Ray Steed did on or about the 31st day of January 1943, in the County of Bowie and State of Texas, in and upon Emma Frances Davis, make an assault, the said Emma Frances Davis being a female then and there under the age of 18 years and the said Ray Steed

did then and there ravish and have carnal knowledge of the said Emma Frances Davis, not being then and there the wife of the said Ray Steed, against the peace and dignity of the State."

The answers of each defendant was that of a general denial.

The two causes by agreement were consolidated. In response to the court's charge to which defendant leveled no exceptions, the jury found Ray Steed and Leslie Wray to be delinquent children. They appeal from the judgment entered August 30, 1943, which decreed them to be delinquent children and which committed them to the State Juvenile Training School for Boys at Gatesville, Texas, for an indeterminate period, not to exceed their 21st birthdays.

The evidence reflects that as Emma Frances Davis was walking home around 10:30 p. m., on January 31, 1943, in company with Fair Lena Morrison, age 17 years, the latter's brother, 14 years of age, and three other boys, all a "lot younger" than Emma. They were overtaken by Leslie Wray, Ray Steed and John Wray. Leslie and Ray accosted Emma, took hold of her, covered her mouth to prevent an outcry, and dragged her into a ditch where Leslie and Ray each by force had carnal knowledge of her, one holding her while the other consummated the act. Fair Lena was accosted by John. She and the others in the original group except Emma scattered and fled back to town. Shortly after above occurrence Emma reached her home. According to the testimony of her parents, neighbors and a physician, she was pale, nervous and crying; with bloody clothes and blood running down her legs; buttons off her blouse, slip strap broken; dirt and grass in her clothes and hair; her hymen lacerated and torn. Throughout the testimony given by the witnesses, Leslie and Ray were referred to as "these two boys"; "John Wray is larger than these two boys here." Emma was 17 on January 8, 1943. She, Ray and Leslie were all in the high school at De Kalb, she and Ray being in the same class. Defendants offered no testimony. The respective parents who were in attendance on the trial did not testify.

At the close of the state's testimony and after the state had rested its case, defendants presented a motion for an instructed verdict, which, omitting its formal parts, reads:

"And respectfully moves the court to instruct the jury to find said defendants 'not delinquent' on the following grounds and reasons, to-wit:

"(1)  Because the evidence does not establish that the defendants are delinquent juveniles, as that term is defined in Section 3 of the delinquent child act; and further for the reason that said Act is vague, ambiguous and uncertain of construction.

"(2)  For the reason that said Act, although declared to be civil in its nature, in effect provides for punishment which would result in the deprivation of the defendants' liberty if inflicted, and said punishment under said Act cannot be made an issue before the jury, and is left entirely to the trial judge; therefore, said Act is unconstitutional, in that it provides for the deprivation of a man's liberty or a person's liberty without said issue being determined by a jury."

Appellants assigned as error in their motion for new trial: (1) The refusal of the court to grant their motion for an instructed verdict; and (2) "The verdict is not supported by the evidence." In each instance the reason assigned in the motion for new trial is in the identical language used in the motion for instructed verdict; namely, "because the evidence does not establish that the defendants are delinquent juveniles, as that term is defined in Sec. 3 of the Delinquent Child Act." In their points they assert that the evidence is insufficient to establish that they were delinquent children as that term is defined in Sec. 3, supra, *in that the evidence failed to establish that they were under the age of 17 years and over the age of 10 years.* (Italics ours). This ground (in italics) with respect to their ages for the first time specifically pointed out or brought into the daylight when urged in their briefs filed in the appellate court.

Rule 268, Vernon's Tex. Rules Civil Procedure, provides, "A motion for directed verdict shall state the specific grounds therefor." We feel that the enactment of Rule 268 was not an idle gesture but means what it states, that the grounds assigned should be specific, that is, definite or explicit; so as to direct the court's attention to the particular matter or alleged absence of a particular matter relied upon, so that, as provided in Rule 270, "at any time the court may permit additional evidence to be offered where it clearly ap-

448

pears to be necessary to the due administration of justice." Sec. 3 of the Act contains eight paragraphs. The first defines a delinquent child as a female over the age of 10 and under 18 or a male over the age of 10 and under 17, who commits or who is guilty of the acts, conduct, etc., enumerated in the succeeding seven paragraphs. The reasons assigned in paragraph 1 of the motion for instructed verdict, namely, "the evidence does not establish that the defendants are delinquent juveniles, as that term is defined in Sec. 3 of the Delinquent Child Act; and that said Act is vague, ambiguous and uncertain of construction," is no more specific or definite than if it had read, "because the evidence is insufficient to warrant a finding that the defendants were delinquent children." Such beclouded statement of the ground urged did not meet the requirements of Rule 268, supra. The failure of defendants to state or point out the specific ground with respect to the ages of defendants here urged, under the record above set out, was sufficient to justify a denial of such motion by the trial court. The points which attack this action of the trial court are overruled.

The court, in submitting said cause to the jury, charged as follows: "To give you a clear conception of the term 'delinquent children,' we give you the Statutory definition: 'Delinquent child means any female person over the age of 10 years and under the age of 18 years, and any male person over the age of 10 years and under the age of 17 years, who violates any penal law, etc.'" Assigned error No. 4 in motion for new trial reads: "The verdict is not supported by the evidence because there is no evidence that the defendants are delinquent children as that term is defined in Sec. 3." This assigned error will not be considered for the reasons above stated, same being too general in its nature. Redman v. Cooper, Tex.Civ.App., 160 S.W.2d 318. Rule 322, Vernon's Tex. Rules Civ. Procedure, reads: "Grounds of objections couched in general terms—as * * * the verdict of the jury is contrary to law, and the like—shall not be considered by the court." See also McWilliams v. Hailey, Tex.Civ.App., 95 S.W.2d 985, 989, and authorities there collated pertinent here, that the matter must be specifically pointed out.

The constitutionality of Art. 2338—1, the act here involved, was recently upheld in Dendy v. Wilson, Tex.Sup., 179 S.

W.2d 269, not yet published [in State report], and by reason of such holding, the matters set up in the 4th point attacking the constitutionality of the act is overruled.

The judgment will be affirmed.