## TRADERS & GENERAL INS. CO. v. HARPER.

### No. 5540.

Court of Civil Appeals of Texas. Texarkana.

May 21, 1940.

Rehearing Denied May 23, 1940.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for plaintiff in error.

Phillips, Williamson & Smith and A. C. Cooke, all of Tyler, for defendant in error.

JOHNSON, Chief Justice.

This is a suit arising under the Workmen's Compensation Act wherein J. C. Harper was the employee, Southwest Contracting Company the employer, and Traders & General Insurance Company the insurer. Both the employee and insurer perfected appeals from the award of the Industrial Accident Board, and thereafter these suits were consolidated and tried on the employee's first amended original petition wherein he sought compensation for alleged total and permanent incapacity sustained May 4, 1937, as the result of injuries to his body, struck and mashed by stone and dirt by the sudden caving in of a ditch in which he was working for Southwest Contracting Company.

Trial to a jury upon special issues resulted in a verdict and judgment awarding Harper compensation for total and permanent incapacity, at the rate of $13.85 per week, payable in a lump sum settlement. From an order overruling its motion for a new trial, Traders & General Insurance Company gave notice of appeal

594

and has perfected same by way of writ of error.

Appellant's propositions 1 to 6, inclusive, contend that the trial court was without authority to award appellee compensation "at the rate of $13.85 per week," because no issues were submitted, and no findings of the jury had, establishing an average weekly wage rate under Subsection 1, 2 or 3, of Sec. 1, Art. 8309, Vernon's Ann.Civ.St. Appellee alleged that he was earning $4 per day, $28 per week, at the time of his injury; and by alternative pleas he alleged facts which if supported by proof would establish his average weekly wages under said sections of the statute respectively; and the petition contained further allegations to the effect that appellant had admitted his weekly compensation rate to be $13.85 per week by voluntarily paying him that sum per week for a period of 18 weeks. Appellant alleged that such payments were made by it to appellee upon misrepresentations of fact made by appellee to appellant concerning his wage rate and therefore appellant was not in any manner bound by reason of having made such payments. Appellee testified that at the time of his injury and for a period of eight days preceding same he was doing pipe line work for Southwest Contracting Company near Oil Center in Cass County, Texas; that he was earning $4 per day; that this work had been going on in that neighborhood for about eighteen months or two years; that he knew the name of two men, Coy Draper and Lillian Young, who had been working regularly on the job; that in filing his claim for compensation he correctly stated the amount, $4 per day, he was earning; that no person representing appellant had ever made inquiry of him concerning his wage rate, and that he had never in any way misrepresented same; that appellant had paid him compensation for 18 weeks at the rate of $13.85 per week. Appellant introduced no evidence tending to support its plea that in paying appellee compensation for 18 weeks at the rate of $13.85 per week it had done so upon misrepresentation of fact made by appellee as to his wage rate. Nor is it shown that appellant made such payments upon misrepresentation by any one, or by mistake of fact on its part as to appellee's wage rate, nor is it shown that appellee's compensation rate should be less than $13.85 per week. In the absence of any evidence that the payments were made upon mistake or misrepresentation as to appellee's wage rate, or that he was entitled to a smaller compensation wage rate, we think that appellant's admission in paying appellee compensation for 18 weeks at the rate of $13.85 per week is sufficient to support the judgment awarding that rate. Traders & General Ins. Co. v. Patterson, Tex.Civ. App., 123 S.W.2d 766; Traders & General Ins. Co. v. Slusser, Tex.Civ.App., 110 S.W.2d 598; Texas Employers Ins. Ass'n v. Hamor, Tex.Civ.App., 97 S.W.2d 1041; Traders & General Ins. Co. v. Rhodabarger, Tex.Civ.App., 93 S.W.2d 1180; Fidelity & Casualty Company of New York v. Branton, Tex.Civ.App., 70 S.W.2d 780; Texas Employers' Ins. Ass'n v. Beckworth, Tex.Civ.App., 42 S.W.2d 827; Southern Surety Co. v. Eppler, Tex.Civ. App., 26 S.W.2d 697; Georgia Casualty Co. v. Ginn, Tex.Civ.App., 272 S.W. 601; Lawler's Workmen's Compensation Law, p. 319, Sec. 163, par. 2.

Under propositions 7 to 14, inclusive, appellant complains of the instructions accompanying special issues Nos. 6, 7, 8, 9, 10, 14, 15, and 17, wherein the court immediately following each of said questions, instructed the jury as to the form or language to be used in wording their answers. Said instructions following special issues Nos. 6 and 9, contained in appellant's propositions No. 7 and No. 10, are illustrative of the other issues and of the accompanying instructions complained of following same. Appellant's 7th proposition reads as follows: "In a compensation case tried before a court and jury the burden of proof is on the claimant to establish total and permanent incapacity from a preponderance of the evidence. The court erred, therefore, in submitting Special Issue No. Six reading as follows: 'Do you find from a preponderance of the evidence that such total incapacity, if any, is permanent? Answer: Yes or No.', to which the jury answered 'yes' over the objections of the defendant to the effect that such issue as framed was confusing and misleading when taken in connection with the court's definition of 'preponderance of the evidence' and was confusing to the minds of the jury in that the court's instruction had the effect of placing the burden of proof upon the defendant to establish the negative of said issues by a preponderance of the evidence, which is a greater burden than the law imposes upon it."

Appellant's 10th proposition reads as follows: "In a compensation case tried before a court and jury the burden of proof is on the claimant to establish that the incapacity is not partial from a preponderance of the evidence. The court erred, therefore, in submitting Special Issue No. Nine reading as follows: 'Do you find from a preponderance of the evidence that the incapacity of J. C. Harper, if any, is not partial incapacity?' Answer: 'It is not partial' or 'It is partial.', to which the jury answered 'It is not partial' over the objections of the defendant to the effect that such issue as framed was confusing and misleading when taken in connection with the court's definition of 'preponderance of the evidence' and was confusing to the minds of the jury in that the court's instruction had the effect of placing the burden of proof upon the defendant to establish the negative of said issue by a preponderance of the evidence, which is a greater burden than the law imposes upon it."

Appellant's objections and exceptions filed in the trial court and referred to in each proposition read as follows: "Said defendant objects and excepts to the court's main charge, and particularly Question #1, for the reason that there is no evidence of any kind or character, and particularly no evidence of sufficient probative value upon which to base the submission of the said issue, and there are insufficient pleadings upon which to base the submission of such issue; and further, for the reason that said question, when taken in connection with the said definition of 'preponderance of the evidence,' and basing the submission of this question on a preponderance of the evidence is misleading and confusing to the minds of the jury, and has the effect of placing the burden of proof upon this defendant to establish the negative of the said issue by a preponderance of the evidence."

Appellant objected to the special issues Nos. 6, 7, 8, 9, 10, 14, 15, and 17, "for each and all of the reasons heretofore assigned to the submission of question No. 1." The trial court in the beginning of his charge defined preponderance of the evidence as follows: "By the term 'preponderance of the evidence' is meant the greater weight of the credible testimony." No objection was raised in the trial court, nor is any here made as to the correctness of said definition. Appellant does not now contend that the trial court erred in placing the burden of proof in each of the questions where it belonged.

It will be noted that in appellant's objections filed in the trial court no mention is made nor any objections expressly voiced against the trial court's *instructions following the questions,* instructing the jury as to the wording of their answers in response to the questions. The objections in the trial court were directed to the *question,* contending "that said question, when taken in connection with the said definition of 'preponderance of the evidence,' and basing the submission of this question on a preponderance of the evidence is misleading and confusing to the minds of the jury, and has the effect of placing the burden of proof upon this defendant to establish the negative of the issue by a preponderance of the evidence." No complaint of the *question* is urged by appellant in this court, but in its arguments under each of the propositions appellant now expresses an objection directed to the instructions following the question, the contention here raised is that said instructions (directing the jury to answer question No. 6 "yes" or "no"; and to answer question No. 9 "It is not partial" or "It is partial") had the effect of causing the jury to believe that the burden of proof was upon defendant to establish the negative of the issues from a preponderance of the evidence. If by strained construction the language used in stating the objections to the trial court may be said to impliedly raise the particular objection now urged, it can not be said that it expressly does so. On the other hand, by expressly calling his attention to the *question* and to the definition of "preponderance of the evidence" preceding the question, and in not mentioning the instructions following the question (which instructions is the particular portion of the charge now complained of), the objections made to the trial court would tend to direct his attention away from rather than point out to him the particular complaint now raised. Objections to the charge ought to be specific, constructive and helpful to the trial court, and in plain and unambiguous language point out to him the particular portion of the charge complained of and the objections thereto, in order that the charge may, if necessary, be modified. It is a settled rule that in order for an objection to a charge or an

instruction given in connection with a special issue, to be of avail, that portion of the charge and the error complained of must be pointed out to the trial court. The objections presented to the trial court, with respect to the point now raised, do not meet the rule, and for that reason appellant's propositions 7 to 14, inclusive, are overruled. San Antonio Public Service Co. v. Murray, 127 Tex. 77, 90 S.W.2d 830; Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Perkins v. Nevill, Tex.Com. App., 58 S.W.2d 50; Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S.W. 184; Walker v. Haley, 110 Tex. 50, 214 S.W. 295; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; Chisos Mining Co. v. Llanez, Tex.Civ.App., 298 S.W. 642; Gulf, C. &. S. F. Ry. v. Hines, Tex.Civ.App., 4 S.W.2d 641; Norwich Union Indemnity Co. v. Wilson, Tex.Civ.App., 17 S.W.2d 68; Chase Bag Co. v. Longoria, Tex.Civ. App., 45 S.W.2d 242; Fort Worth & D. C. Ry. Co. v. Rowe, Tex.Civ.App., 69 S.W. 2d 169; McWilliams v. Hailey, Tex.Civ. App., 95 S.W.2d 985.

■ It will here be noted that the trial court's instructions, directing the jury to answer "Yes" or "No," to a question naturally required to be so answered, such as above question No. 6, is held not reversible error. Stevenson v. Wilson, Tex.Civ.App., 130 S.W.2d 317; Federal Underwriters Exchange v. Bullard, Tex.Civ.App., 128 S.W. 2d 126; Willis v. Smith, Tex.Civ.App., 120 S.W.2d 899.

■ And it is further noted that the trial court's instructions following special issue No. 9, above quoted, follow the suggested instructions in Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956, 958, reading: "It is suggested, as a further aid to the jury in avoiding confusion in answering an issue requiring consideration of a negative inquiry, that it be instructed to answer the question either, that, 'It was due to an unavoidable accident,' or, 'It was not due to an unavoidable accident,' as it may find the facts to be." See Federal Underwriters Exchange v. Carroll, Tex.Civ.App., 130 S.W.2d 1101. The above suggestion was in force at the time the present case was tried, February 21, 1938. But we call attention, for future practice, to the more recent case of Gulf, C. & S. F. Ry. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 695, 116 A.L.R. 795 (decided since the present case was tried) in which it is suggested: " * * * that it is conducive to certainty that the answer will be expressed in accordance with the actual finding made, to instruct the jury that *in the event its finding is in the affirmative* the form of the answer should be, 'It was not an unavoidable accident'; and that *'otherwise, the answer should be "No."'* Such an instruction not only tends to certainty that the finding will be correctly expressed, but tends as well to make certain that the jury understands that an affirmative finding, if made, must be made from a preponderance of the evidence. The suggested instruction is an improvement over that made in Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956, in that it is not subject to the construction that it in effect withdraws the instruction as to burden of proof which is correctly placed on plaintiff by the form of the question."

The judgment of the trial court is affirmed.