## MARYLAND CASUALTY CO. v. ROMERO.
### No. 3751.

Court of Civil Appeals of Texas. Beaumont.

Jan. 2, 1941.

Rehearing Denied Jan. 8, 1941.

Smith, Smith & Boyd, of Beaumont, for appellant.

Shivers & Keith, of Port Arthur, for appellee.

O'QUINN, Justice.

This is a workmen's compensation case. The Texaco Can Company was the employer, Alcie Romero the employee, and Maryland Casualty Company the compensation insurance carrier. On October 4, 1938, while engaged in the course of his employment as an employee of the Texaco Can Company, appellee received an injury for which he claimed compensation. He duly filed his claim before the Industrial Accident Board. On September 26, 1939, the Board made its final ruling and award, and appellee duly gave notice that he would not abide said award, and duly filed this suit in the district court of Jefferson County, Texas, to set aside said award and to recover compensation as for total and permanent incapacity.

At the close of the evidence, appellant moved for an instructed verdict, which was refused. The case was then tried to a jury upon special issues which were answered favorable to appellee, and judgment rendered for appellee for compensation for 401 weeks for total and permanent incapacity at the rate of $13.80 per week, beginning on October 4, 1938, with a credit for 44 payments at said rate made theretofore by appellant. Motion for a new trial was overruled and the case is before us for review.

■ Appellant's first proposition complains that the court erred in granting appellee judgment non obstante veredicto of certain answers of the jury relative to the average weekly wage rate. Under the record the action of the court was justified. However, issue of wage rate found by the jury was immaterial for the reason that appellant had recognized that appellee was entitled to compensation at the rate of $13.80 by voluntarily paying to him 44 weeks of compensation at that rate, and so the rate at which appellee was entitled to recover, if at all, was thus admitted by the act of appellant. Fidelity & Casualty Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780; Industrial Indemnity Exchange v. Ratcliff, Tex.Civ.App., 138 S.W.2d 613, 619. However, the jury found that the average weekly wage rate of appellee was $23, sixty per cent of which is $13.80, the rate paid by appellant prior to suit. We think the undisputed facts support the rate as paid by appellant and found in the judgment. The proposition is overruled.

■ Appellant's second proposition complains that the court erred in refusing "to submit appellant's timely requested special issues, submitting to the jury appellant's theory of defense that such prior injuries, or their effects, did cause or contribute to appellee's claimed condition of incapacity." In its answer appellant interposed a general denial that appellee had suffered an injury on October 4, 1938, from which total and permanent disability to labor resulted, and on the trial produced evidence that appellee, some fifteen years prior to the injury for which appellee was claiming compensation, had received an injury to one of his feet which it insists might have contributed to his present disability, and prepared and presented to the court a special issue inquiring whether such prior injury contributed to appellee's present incapacity, if any, which was refused by the court. The evidence showed that in 1932 appellee (working for the same employer as when he received the instant injury) received an injury to one of his feet causing him to lose 49 days from work. He has continuously worked for the same employer ever since and no loss of time occurred from injury or sickness. We have carefully searched the record and do not find any evidence raising the issue that any part of his present disability was caused or produced or contributed to by the prior injury to his foot. There being no evidence raising the issue, the court did not err in refusing to submit same. Scott v. G. W. Waldrop & Co., Tex. Civ.App., 8 S.W.2d 552, writ refused; Houston Textile Mills v. Montgomery, Tex. Civ.App., 83 S.W.2d 754, writ refused.

What we have said disposes of appellant's third, fourth and fifth propositions.

The sixth proposition urges that the finding of the jury, in answer to special issue No. 4, that appellee suffered total incapacity as a result of the injury received by him, was so contrary to the evidence as to be manifestly wrong, and so was the result of passion or prejudice on the part of the jury, and should be set aside. We have carefully considered the whole record, and think the verdict has support and does not indicate passion or prejudice. No good purpose could be served by quoting the evidence, and we simply say that it is sufficient to support the verdict.

■ Special issue No. 4 submitted to the jury read: "Do you find from a preponderance of the evidence that such incapacity, if any you have found, resulting from the injuries, if any, received on October 4, 1938, was total?" Appellant objected to this issue that it was duplicitous and assumed that appellee was incapacitated to labor by reason of the injury, and was upon the weight of the evidence.

The issue was not duplicitous, nor did it assume the fact of incapacity, nor was it upon the weight of the evidence. The proposition is overruled.

What we have said disposes of appellant's proposition No. Eleven.

■ Special issue No. 6, submitted to the jury, read:

"Do you find from a preponderance of the evidence that the incapacity, if any, is not only temporary?

"If your answer is in the affirmative, the form of your answer should be 'it is not

only temporary'; otherwise it should be 'no.'"

The jury answered: "It is not only temporary."

Appellant objected to this issue (a) that it did not affirmatively submit the question of temporary incapacity for the finding of the jury; (b) that it was not an unconditional submission of temporary incapacity; (c) that it did not submit "the diverse theories of both plaintiff and defendant, which can be done by eliminating therefrom the words 'not only'"; that the charge accompanying the issue as to how to answer was error; and that the issue did not affirmatively submit the question of temporary incapacity from the defendant's standpoint. This is urged by appellant in its eighth proposition. None of the objections are well taken. The issue affirmatively and unconditionally submitted the question of temporary incapacity. Wright v. Traders & Gen. Ins. Co., 132 Tex. 172, 123 S.W.2d 314, 317, 5th par. The words "not only" did not cause the issue to be a negative rather than an affirmative submission, nor did the accompanying instruction as to what form the answer should be militate against the affirmative nature of the submission or cause a prejudicial answer.

What we have said disposes of appellant's ninth, tenth and twelfth propositions.

█ We think that appellant's thirteenth proposition is too general and indefinite. It complains that: "The record in this, a compensation case, reflecting that plaintiff's pleading of claimed accidental injury or injuries was that he suffered injury to certain portions of his back and that he suffered from a concussion of the brain and the evidence showing that the back injuries had healed or at least there was no such condition as respects his back as to warrant a recovery except for a limited period of time, and the evidence not having sufficiently shown a concussion of the brain, it was reversible error for the court to overrule defendant's objections that the issues with respect to injury or injuries were not so confined and framed as to be in conformity with the pleadings and the evidence." It points to no specific error. It does not definitely point to any portion of the court's charge, or to any issue submitted not in "conformity" with the pleadings and the evidence. The proposition is asserted to be germane to seven assignments of error. These assignments cover 25 pages of legal length paper typewritten, and relate to various objections to the court's charge pointing to the first five special issues inquiring as to several distinct and separate matters. The proposition is without force.

No reversible error appearing, the judgment is affirmed.