**TEXAS EMPLOYERS INS. ASS'N v.
HODNETT et ux.**

No. 14991.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 3, 1948.

Rehearing Denied Jan. 7, 1949.

302

Nelson, Montgomery & Robertson and Otis E. Nelson, all of Wichita Falls, for appellant.

Eugene Sherrod, Jr., and J. R. Wilson, both of Wichita Falls, for appellees.

McDONALD, Chief Justice.

Appellee Alice Hodnett and husband recovered judgment on a favorable jury verdict for workmen's compensation for injuries suffered by Mrs. Hodnett. The insurance carrier appeals, relying on six points of error.

■ Appellant first claims that the employee was not entitled to recover judgment because she failed to make proper proof of her wage rate. The point is overruled. The jury found that the insurance carrier had paid compensation for sixteen weeks after the injury at the rate of $15.60 per week. Judgment was rendered on such rate. No other issues concerning the matter of wage rate were submitted to the jury. There is nothing by way of either pleading or proof on the part of the insurance carrier to show that $15.60 per week was not the correct rate of compensation. "In the absence of any evidence that the payments were made upon mistake or misrepresentation as to appellee's wage rate, or that he was entitled to a smaller compensation wage rate, we think that appellant's admission in paying appellee compensation for 18 weeks at the rate of $13.85 per week is sufficient to support the judgment awarding that rate." Traders & General Ins. Co. v. Harper, Tex.Civ.App., 140 S.W.2d 593, 594, writ refused. In addition to the cases there cited, see Maryland Casualty Co. v. Romero, Tex.Civ.App., 146 S. W.2d 1096, writ dismissed, correct judgment; and Federal Underwriters Exchange v. Green, Tex.Civ.App., 150 S.W.2d 98, writ dismissed, correct judgment.

Under the second, third and sixth points of error complaint is made because certain special issues were submitted conditionally. The points are overruled under authority of Texas Employers' Ins. Ass'n v. Tate, Tex.Civ.App., 214 S.W.2d 877; Traders & General Ins. Co. v. Wilder, Tex.Civ.App., 186 S.W.2d 1011; and Texas Employers' Ins. Ass'n v. Cooper, Tex.Civ.App., 194 S.W.2d 819, writ refused, no reversible error.

The employee was injured on July 12, 1947. For a time she was treated by physicians employed by the insurance carrier. In August of 1947, after the insurer's physician had discharged her, she consulted a physician of her own choosing, and was treated by him. She recovered judgment for $197, the amount of said physician's charges. Only three issues were submitted to the jury concerning the matter. They inquired if (1) the physician of her choosing, naming him, rendered medical services to the employee for her injuries, (2) if such services were necessary, and (3) what was the value of such services. There was neither pleading nor proof that the employee made any report to the Industrial Accident Board with respect to the failure of the insurer to furnish her medical services. Nor was there pleading or proof that the physician who treated her certified the necessity for treatment to the Board.

Section 7 of Article 8306 provides that during the first four weeks of the injury the insurer shall furnish reasonable medical aid, hospital services and medicines, and provision is made for further aid after that time on authority of the Board when the attending physician certifies to the Board the necessity therefor. Section 7a of the same Article provides that the Board may order a change of physicians where there is reasonable ground for believing that the life, health or recovery of the employee is being endangered or impaired by the treatment he is receiving.

Bearing in mind that the services in question were rendered more than four weeks after the injury, it would seem that recovery therefor is precluded by reason of the fact that the necessity therefor was not brought to the attention of the Board in order that it might pass thereon. Federal Underwriters Exchange v. Brigham, Tex.Civ.App., 184 S.W.2d 849; Great American Indemnity Co. v. Kingsbery, Tex.Civ.App., 201 S.W.2d 611, writ refused, no reversible error. The holding in Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S. W.2d 969, fails to support the employee's claim for two reasons. In the first place, as shown in the opinion of the Court of Civil Appeals in said case, 169 S.W.2d 965, the employee there complied with the provisions of Art. 8306, Section 7a. In the second place, the two certified questions answered by the Supreme Court do not reach the question we have before us.

Under the fifth point of error complaint is made of three portions of the testimony of Dr. L. D. Parnell, who appeared as a witness for the employee.

During the course of his testimony Dr. Parnell was asked to define the term "anesthesia." In reply he defined the term and in addition described at some length his examination of the employee. Finally counsel for the insurer said, "We are going to object to the Doctor making a speech before the jury. All this stuff is prejudicial and not called for." The court said, "I understood that counsel asked him as to her condition. I'll overrule the objection." The insurer's counsel then said, "May we have a full bill?" The court replied, "Yes, sir."

The witness testified no further until he was asked a specific question concerning the employee's injury.

We do not see a reversible error in this happening. Although the court overruled the objection, the witness did not continue with the alleged speech to the jury. If the testimony he had already given was subject to any other objection than that he was making a speech to the jury, the objection was waived for lack of an objection to it. The objection that it was a speech to the jury is not specific enough to warrant a reversal of the judgment.

At another point in his testimony Dr. Parnell stated an opinion, and was asked, "Why do you say that?" His reply was, "There is bound to be. I am sure. It is a puzzling case to me, every doctor in the profession—we have had consultations and we practically all agree to most of it." Counsel for the insurer said, "Just a moment, we object." The court said, "I sustain the objection." The insurer made no request to strike the testimony, nor any request for an instruction by the court that the jury not consider the testimony. We do not find a reversible error in the record thus presented.

Dr. Parnell was asked another question, and after he made an answer of some length the insurer's counsel again objected to the doctor making a speech to the jury, and requested the court to instruct the doctor to confine his testimony to medical terms and not to argue like a lawyer. The court said, "Doctor, make your explanation as succinctly as you may." The doctor then said, "This is a big subject and you can't * * *." The insurer's counsel broke in, saying, "We object to that, the court instructed him and he answers by attempting to make another speech." The court said nothing in reply to this, whereupon the employee's counsel asked another question and no further objections were made on behalf of the insurer.

We see no reversible error in the matter just discussed.

At another place the doctor said that the employee's headaches were such "that she could hardly endure them." The insurer objected, the court sustained the objection, and on request of the insurer instructed the jury not to consider the testimony. Again, we find no reversible error.

The judgment is reformed by eliminating therefrom the recovery by the employee of the sum of $197.00 for medical services rendered her by Dr. Parnell, and as reformed the judgment is affirmed.

In view of the small amount involved in the reformation of the judgment, only one-fourth of the costs of appeal are taxed against appellees, and three-fourths are taxed against appellant.