Stephen **OLLOK**, D/B/A Bessemer Forging
Company, et al., Appellants,

v.

**UNITED HEAT TREATING COMPANY,**
Appellee.

**No. 15952.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 21, 1958.

Walker, Day & Harris, and Harry N. Harris, of Forth Worth, for appellants.

Hyder & Honts, and Elton M. Hyder, of Fort Worth, for appellee.

RENFRO, Justice.

United Heat Treating Company sued Stephen Ollok, d/b/a Bessemer Forging Company, and Bessemer Forging Company, a corporation, for services rendered in heating metal component forgings. The defendants answered that plaintiff did not properly heat treat the forgings, and for that reason the finished products were ultimately rejected by Vertol Aircraft Corporation for whom defendants had manufactured such parts.

The jury found that the plaintiff did not improperly heat or process any of the forgings in question. There being no dispute as to the amount due by defendants to plaintiff, in view of defendants' failure to establish the pleaded defense, judgment was entered for plaintiff for $8,186.39.

The defendants contend the court erred in excluding rejection-disposition memoranda of Vertol Aircraft Corporation offered as evidence. Bill of Exception No. 5 reflects defendant Ollok was shown exhibit No. 4 (containing 38 separate instruments or memos) and was asked, "whether or not you received the papers you are holding as defendant's exhibit No. 4 from Vertol Aircraft Corporation." The witness answered, "Yes, I have." The witness further stated he was familiar with the name of some of the employees of Vertol and that a Mr. Bryant's signature customarily appeared on memoranda of rejection and disposition such as he, Ollok, received from Vertol; that he was sufficiently familiar with Vertol's memoranda to know that the exhibits were authentic letters, papers and rejection memoranda of Vertol; that he went through Vertol's operation once or twice a year and knew a number of the employees. On cross-examination he testified: "Actually, I don't know what authority they had." The court, in ruling exhibit No. 4 inadmissible, found there was no component evidence that such reports were made in the regular course of business.

■■ In determining the qualification of a witness in a civil case, the trial court has· wide discretion and his decision will not be disturbed in the absence of abuse of discretion. 1 McCormick and Ray, Texas Law of Evidence, p. 252, sec. 256; Ditto v. Ditto Investment Co., Tex., 309 S.W.2d 219. To prove a memoranda or record of an act, under Art. 3737e, Vernon's Ann.Civ.St., a "qualified witness" may prove that such record was made in the regular course of business. In view of the inconclusive testimony of Ollok, as shown in the bill of exception, we cannot say the court abused his discretion in determining, in effect, that defendant Ollok was not qualified to testify to the essentials required by Art. 3737e. Their bill of exception showing no other evidence concerning the memoranda, the exhibit was properly excluded.

■ Defendants' point two contends the court erred in excluding testimony pertaining to Vertol's rejection of the forgings. Bill of Exception No. 4 reflects that defendant Ollok was asked, "Were these parts rejected by Vertol Aircraft Company?" An objection to the question was sustained. The primary question before the court was whether the forgings were properly heat treated so as to have the necessary hardness and tensile strength, not whether they were rejected by Vertol. In the absence of a statement of facts, the appellate court will presume that the evidence is sufficient to support the verdict and judgment. Dyche v. Simmons, Tex. Civ.App., 264 S.W.2d 208; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. In the absence of a statement of facts, we cannot say that the exclusion of the answer to the one question shown in Bill of Exception No. 4 was error. Jinks v. Jinks, Tex.Civ. App., 205 S.W.2d 816. Point two is overruled.

■ In point three the defendants complain the trial court deprived them of the right to cross-examine the President of plaintiff Company with regard to defects in plaintiff's heating process. Bill of Exception No. 7 reflects that when Mr. Sanders was on the witness stand he was asked if he had "burned some work up" for other customers, he answered, "I wouldn't say burned up." Q. "Well, you overheated it." A. "I wouldn't say we overheated it." Q. "Well, they convinced you that you overheated it, didn't they?" This question was objected to as "not at all material." Defendants' attorney stated, "we want to introduce it for the purpose of showing experience has indicated to Mr. Sanders that his temperature is about five or ten degrees too high." Plaintiff's attorney objected, "Your Honor, if he had done such a thing, it still wouldn't be admissible." The court ruled, "I am going to overrule it." It is not clear whether the court overruled the objection to the question or overruled the effort of defendants to ask the question. The bill of exception furnishes no further light. The bill as presented does not show reversible error; furthermore, the manner of cross-examination and its extent must rest largely in the discretion of the trial court. 1 McCormick and Ray, Texas Law of Evidence, p. 462, sec. 592; Texas Employers' Ins. Ass'n v. Spivey, Tex.Civ.App., 286 S.W.2d 197. Again, without a statement of facts, we cannot hold from the brief excerpt shown in the bill of exception that the court abused his discretion.

In points four and five defendants argue that the court erred in overruling their motion for new trial because of improper jury argument by plaintiff's counsel. We have examined Bill of Exception No. 6 and the argument which has been brought forward in the bill. Reversible error is not shown therein.

■ Even if one or more of the·rulings of the court were erroneous, we would still affirm the judgment. The burden is upon defendants, appellants in this court, to show from the record as a whole that

the errors complained of amount to such a denial of their rights as were reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629; Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115; Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151; Rule 434, Texas Rules of Civil Procedure.

Upon consideration of the record as a whole, and as presented to this court without a statement of facts, we are unable to say there is any reversible error shown. See City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860.

The plaintiff, contending the appeal was for delay only, requests this court, under Rule 438, to assess a ten per cent penalty against the defendants. We feel that the points presented by defendants are not so trivial and wanting in merit as to warrant our holding that the appeal was perfected for mere delay.

The judgment of the trial court is affirmed.