**A. E. WALTON, Appellant,**

v.

**The STONEWALL NATIONAL BANK OF CORPUS CHRISTI, Appellee.**

**No. 4183.**

Court of Civil Appeals of Texas.

Eastland.

June 30, 1967.

Rehearing Denied July 21, 1967.

Butler, Schraub & Gandy, Corpus Christi, for appellant.

Fischer, Wood, Burney & Nesbitt, James R. Harris, Corpus Christi, for appellee.

COLLINGS, Justice.

The Stonewall National Bank of Corpus Christi on January 16, 1965, brought suit against C. H. Cravens on a past due note for $25,000.00, a copy of which was attached to plaintiff's petition, and at the same time secured a writ of attachment which was levied on certain described land of Cravens. Thereafter, plaintiff joined A. E. Walton as a defendant seeking the cancellation of a deed of trust and deed, both of which were executed by Cravens to Walton, dated January 16, 1965, and covering the land levied upon. As grounds for cancellation of such instruments plaintiff bank alleged that they were fraudulently executed with the purpose and intention of hindering and defrauding the bank as an existing creditor of Cravens. The execution of the note was not denied, under oath, or otherwise, but both Cravens and Walton alleged that the note was without consideration, and obtained by fraud and misrepresentation. Walton further alleged that Cravens was indebted to him in the sum of $31,000.00; that the conveyances to him were for the purpose of securing such indebtedness, and that his claim to and lien on the land in question was superior to any claim asserted by the plaintiff. Plaintiff's special exceptions to the pleadings of the defendant, asserting failure of consideration and that the note sued upon was obtained by fraud and misrepresentation, were sustained because such allegations were mere conclusions and no facts were alleged in support thereof. The case was tried before the court without a jury and judgment was rendered for the bank for the principal amount of the note, for interest, attorney's fees, cancellation of the deed and deed of trust and establishment of the bank's lien rights. A. E. Walton appealed to the Court of Civil Appeals for the 13th Supreme Judicial District at Corpus Christi and the cause has by order of the Supreme Court of this State been transferred to this court.

Appellee's motion to strike the statement of facts on the ground that the filing thereof on March 9, 1967, was not timely

and that there was no showing of good cause for appellant's failure to timely file same is overruled. The Corpus Christi Court of Civil Appeals, on March 9, 1967, properly granted appellant's amended motion for an extension of time to file the statement of facts as prayed, for good cause, and same was on that date filed.

Appellant urges points contending that:

"(1) There is no evidence to support the trial court's implied finding establishing the following essential element of the ground of recovery the trial court sustained against appellant Walton with reference to the deed executed January 16, 1965 by C. H. Cravens et ux to appellant Walton, to wit, the element involving the claim that a relation of creditor and debtor existed between appellee bank and C. H. Cravens at the time of execution of that deed."

"(2) That the trial court committed reversible error in refusing to permit appellant Walton to introduce into evidence the deed executed January 16, 1965 by C. H. Cravens et ux and thereby made out a prima facie case that would have entitled him to judgment awarding him title to the land described in such deed."

"(3) That there is no evidence to support the trial court's implied factual findings relied on by that court as basis for the provisions in the appealed-from judgment holding liens exist against the property in question in favor of appellee bank and foreclosing such liens and ordering a sale of such property."

Appellee by counterpoints asserts that the judgment should be affirmed (1) because appellant failed to produce a timely or a complete statement of facts establishing the errors complained of, (2) because all elements of appellee's claim were judicially admitted by both defendants and (3) because appellant, Walton, failed to amend as ordered by the court.

The record shows that on January 16, 1965, at 8:45 a. m., appellee bank filed suit for collection of a $25,000.00 past due note against C. H. Cravens; that at the same time appellee filed an affidavit for attachment which attachment was served on January 16, 1965, at 11:25 a. m. on real property belonging to Cravens; that eleven minutes before the service of the writ of attachment appellant, A. E. Walton, filed for record a deed to the property attached; that twenty-nine minutes prior to the service of the writ of attachment, Walton filed for record a deed of trust to the attached property. Thereafter, appellee bank amended its pleadings and brought A. E. Walton in as a co-defendant alleging that the conveyances to him were fraudulent and asking cancellation thereof.

We overrule appellee's contention that the case should be affirmed because appellant failed to produce a complete statement of facts. The certificate to the statement of facts as originally filed recited that it was a "correct transcript of the *reported part* of the hearing had on the above entitled and numbered cause." (Emphasis ours). It is true as contended by appellee that the language of this certificate indicates that other evidence may have been introduced but not reported in the statement of facts. The rule in such cases is that in the absence of a complete statement of facts showing all the evidence it is presumed on appeal that there was evidence to support the findings and judgment. Thrasher v. Hensarling, 406 S.W.2d 515, (CCA 1966, no writ history); Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, (1951). Here, however, a supplemental certificate of the statement of facts was filed by Honorable Horace S. Young, Judge of the trial court which shows that no evidence was offered when the court reporter was not present and that at such times the court merely heard further argument of counsel.

Many material facts in the case were established by admissions of the parties in pleadings, in answer to requests for admissions and in admissions made by attor-

neys in open court. Cravens filed an application for receivership in the case in which he admitted that he was indebted to appellee bank and to Walton; that he desired the property in question to stand good for such indebtedness and that his execution of the deed and deed of trust covering the property to Walton was under an oral agreement that Walton would sell the property and remit the balance of the proceeds to Cravens after deducting the amount of the debt which Cravens owed Walton. Walton admitted in answer to requests for admissions that he and Cravens were friends and business associates; that at the time he received delivery of the deed of trust and deed in question Cravens' indebtedness to him was less than $5,000.00; that it was not his intention at the time to take possession of the property nor did he ever take possession thereof or make any payment on any indebtedness of Cravens; that the $46,000.00 note mentioned in the deed of trust is fictitious and never existed; that he did not deliver any thing of value to Cravens in return for the deed of trust or for the deed; that he had notice of Cravens' debt to appellee bank and that Cravens was unable to arrange an extension of such indebtedness and that before execution of the deed and deed of trust by Cravens he advised appellant that he, Cravens, was going to be sued by appellee. In a supplemental certification of the statement of facts the following facts are shown:

"1. That prior to the intended empanelling of the jury in this cause, Defendant C. H. Cravens' counsel admitted in open court that his client was liable; that his client had no real controversy with the position of the Bank; that Mr. Harris should prepare a judgment, which judgment should recite that the Court found for the Plaintiff from the evidence.

2. That immediately after the admission of liability by the attorneys for C. H. Cravens, the attorneys for A. E. Walton announced in open court that, in view of the Court's previous ruling in reference to the pleadings and request for admis-

sions of the Plaintiff to A. E. Walton, A. E. Walton had nothing to offer and judgment should be entered."

■ We overrule appellant's points urging in effect that there was no evidence to support the implied finding that a relationship of creditor and debtor as contemplated by Article 3996 and 3997, Vernon's Ann. Tex.Civ.St. existed between appellee bank and Cravens at the time of execution of the conveyances by Cravens to appellant, and no evidence to support the holding in the judgment that there was a lien on the property in question in favor of the bank.

It was alleged in appellee's petition that Cravens executed the $25,000.00 note to the bank, that such note was held by the bank, was past due and unpaid, and a copy of the note was attached to appellee's petition. Cravens admitted that he was indebted to the bank. He never denied execution of the note, under oath or otherwise. Cravens' attorney in open court admitted that his client had no real controversy with the position of the bank; that Cravens was liable and that the bank's attorney should prepare a judgment so holding. Appellant, particularly, argues that the bank has failed to establish the required relationship of creditor and debtor as contemplated by the statute because it did not offer the note in evidence. This contention would be well taken if the record showed any material controverted fact issue which might be resolved by introduction of the note, such as whether the note was executed, a dispute concerning some provision of the note concerning the amount of interest, or the amount of payments made thereon. In the instant case there is no dispute concerning any such material fact issues. The only defenses attempted to be raised in the pleadings were affirmative defenses of lack of consideration and fraud. As heretofore noted, these defenses were not properly raised because no facts were alleged in support of general allegations, and exceptions thereto were sustained. In any event the material facts concerning the note in

question and Cravens' indebtedness to the bank are admitted. We cannot agree with appellant's contention that such admissions of the indebtedness by Cravens do not constitute evidence against Walton on the material issues here involved. Contrary to appellant's contention the record also supports the judgment decreeing that there was a lien on the property in question in favor of the bank. The court did not err in cancelling and holding for naught Cravens' conveyances to Walton and in foreclosing the bank's lien on the property.

Appellant's points are overruled.

The judgment is affirmed.