**Rosemary WILLIAMS et vir, Appellants,**

**v.**

**C. E. (Cap) NICHOLS, Appellee.**

**No. 8148.**

Court of Civil Appeals of Texas, Texarkana.

March 13, 1973.

Rehearing Denied April 3, 1973.

Rosemary Williams, pro se.

M. D. Carlock, Winnsboro, for appellee.

PER CURIAM.

A judgment of the 115th Judicial District Court of Wood County, Texas, in an action the plaintiff called a *malicious prosecution suit*, awarded C. E. (Cap) Nichols $15,-000.00 actual damages and $25,000.00 exemplary damages, a total of $40,000.00, together with interest, costs of court, etc., to be recovered of and from Rosemary Williams and her husband Billy Bob Williams. In the trial court, Mrs. Rosemary Williams acted as legal counsel for herself and husband and is acting in such capacity in the prosecution of this appeal.

As a preliminary step in the appeal and as a prerequisite to complete review of the trial court judgment, Rosemary Williams and husband tendered a statement of facts to be filed in this court on November 28, 1972. Such document is certified by the Official Court Reporter, 115th Judicial District Court of Wood County, Texas, as a full, true and correct transcript in question and answer form of all the evidence adduced upon the trial of this lawsuit. But the statement of facts tendered was not approved by the parties to the lawsuit or their attorneys, or by the trial judge. On January 2, 1973, more than thirty days after receipt by this court of the tendered statement of facts, counsel for C. E. (Cap) Nichols filed a motion praying this court strike the tendered document because such counsel had not been furnished with a copy thereof, and because counsel of record and the trial judge

had not approved it. The motion to strike comes too late and is overruled. Texas Rules of Civil Procedure, 404; Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W. 2d 486 (1947). However, it appears from the letter of transmittal and two other documents later filed by the Williams appellants that they tendered an incomplete and incorrect statement of facts. The letter of transmittal accompanying the statement of facts asserts that it did not contain a true and correct copy of the objections and exceptions. The reply filed by the Williams to appellee Nichols' Motion for Extension of Time to File Brief asserts the statement of facts is incorrect; as does the motion captioned "Motion for Leave to File Notice the Bills of Exceptions Duly Filed" received by this court on December 1, 1972. These documents are reproduced in the appendix. In summary, Mr. and Mrs. Williams have tendered a statement of facts, while solemnly asserting at the time of tender and thereafter that the document is incomplete and incorrect, and by necessary implication a partial statement of facts.

■ Additionally, absence of a complete statement of facts is not excused by agreement, as there is no stipulation of counsel agreeing to an abbreviated statement contemplated by Tex.R.Civ.P. 375, 377, 378. Nor is there a showing that an effort was made by the appellant pursuant to Tex.R. Civ.P. 377(d) to correct the statement of facts by settling differences relating to the accuracy thereof. Of consequence, too, is the circumstance that the Bills of Exceptions in the transcript are not approved by the trial judge or opposing counsel; and the trial judge's action or failure to act in this respect is not a ground of complaint in the appeal.

■ On examination of the sixty-four points of error in appellants' brief, none is found that does not, in determining its merit, require recourse to the facts developed in the trial of the case. It is contrary to sound reason and sensible procedure that a litigant should be able to refuse to approve a statement of facts, refuse to undertake to correct it (thereby depriving the opposing party of an opportunity to effect correction), solemnly assert that the statement of facts is incomplete and incorrect, and yet require an appellate court to rely on it for the facts applicable to the issues to be determined in the appeal. Though no precedent has been found governing this unusual record, these circumstances compel this court to respectfully decline to undertake a review controlled by the tendered statement of facts.

■ It may appropriately be added in disposing of the appeal that Bills of Exception do not serve the purpose of a statement of facts. Jinks v. Jinks, 205 S.W.2d 816 (Tex.Civ.App.Texarkana 1947, no writ); Ollok v. United Heat Treating Company, 318 S.W.2d 785 (Tex.Civ.App. Fort Worth 1958, no writ). And questions that require solution by reference to the evidence contained in the statement of facts obviously cannot be fully considered when the partial statement on file is incorrect and does not reflect all *objections and exceptions* made at the trial. This court cannot know what effect omissions might have on a question under consideration. Continental Trailways, Inc., v. McCandless, 450 S.W.2d 707 (Tex.Civ.App. Austin 1970, no writ); Thornton v. City of Kleberg, 410 S.W.2d 461 (Tex.Civ.App. Dallas 1969, no writ; Swift & Company v. Bennett, 373 S.W.2d 569 (Tex.Civ.App. Texarkana 1963, writ ref'd, n. r. e.). And, of course, the presumption is that the trial court ruled properly upon all matters determinable by the facts when a partial statement of facts is filed. Herrin Transportation Company v. Parker, 425 S.W.2d 876 (Tex.Civ.App. Houston 1st, 1968, writ refused, n. r. e.); Walton v. Stonewall National Bank of Corpus Christi, 417 S.W.2d 460 (Tex.Civ. App. Eastland 1967, writ ref'd, n. r. e.).

Finding no error that requires a reversal, it is accordingly ordered that the judgment of the trial court be affirmed.

See Appendix on next page.

## APPENDIX

"November 23, 1972
Dallas, Texas 75217

"Court of Civil Appeals
Sixth Supreme Judicial District
Texarkana, Texas

In Re: 18,881

Dear Sirs:

Enclosed you will find a Statement of Fact, I did not sign the approval, this is not a true and correct copy of the objection and exceptions. And more reasons for not signing this statement of facts. I have filed a <u>Bill of Exceptions</u> that will prevail, over the Statement of Facts. Please file with this heretofore cause, thank you.

Sincerely yours,

Rosemary Williams
1608 Gardenside Dr.
Dallas, Texas 75217

"P.S. It is useless to have any corrections, corrected in the said district court, of Wood County, Texas. If need be, we will proceed to the United States Supreme Court, with this said court trying these said cases, without jurisdicton. And indispensable parties." There has already been a case before this court, pertaining to the same people, and same land. Cause No. 8040. In this said Court.

------------------------------------

## "REPLY

## MOTION FOR EXTENSION OF TIME TO FILE BRIEF

"TO THE HONORABLE SAID COURT:

Now comes Rosemary Williams et vir: Appellants, and files this their reply of opposition, Motion for Extension of Time to File Brief of Appellees, and would show the following:

"1.

"The Statement of Facts was not presented to Appellee for the reasons it was incorrect, and does not meet the approval of the said Appellants, there was duly filed a 'Bills of Exceptions' to which will prevail over the Statement of Facts. Rule 372(k.) Rule 390 states: 'Party files his own Transcript.'

2.

"These said Appellants do not have to furnish the said Appellees with a Transcript, the Transcript was duly filed in this said Court November 27,

1972. This said Appellee was duly notified, any objections the Appellees might have at this time, is out of time. So therefore the Appellee has no right for extension, of time to file his Brief.

"WHEREFORE, premises considered the Appellee is filing extension of time to file his brief out of time. The Appellants are not required to furnish the said Appellees with a Transcript.

"Appellant further prays this said Court to deny the Extension of Time to file Brief by Appellees, Appellants duly objects, The Statement of Facts will not be furnished because it is incorrect. To the said Appellees, this Extension is out of time filed.

/s/ Rosemary Williams
ROSEMARY WILLIAMS, PRO SE:
1605 Gardenside Dr.
Dallas, Texas 75217."

------------------------------------

"MOTION FOR LEAVE TO FILE
NOTICE THE BILLS OF EXCEPTIONS DULY FILED.

"TO THE HONORABLE SAID COURT:

"NOW COMES Rosemary Williams et vir: Defendants in the Trial Court, of Wood County, Texas. 115th. Judicial District.

Rosemary Williams, Et Vir: Appellants in this said Court, makes this her Motion for Leave to File. Notice the Bills of Exceptions were duly filed, in accordance with Rule 372; T.R.C.P. Subsection (k.) In the event a separate Bill of Exception is filed and there is a conflict between its provisions and the provisions of the Statement of Facts, the Bill of Exceptions shall control.

Rosemary Williams et vir: Defendants, Appellants, did not approve of the Statement of Facts, as being the truth, so therefore the Bills of Exceptions, will control as being the truth so far as this Defendant, Appellant, Rosemary Williams Et Vir: is concerned. The Appellants reasons for filing the Bills of Exceptions were to control over the Statement of Facts, The reason the Appellants did not approve were under Rule 389.a. [389a] T.R.C.P. A party who agrees to a Statement of Facts shall be deemed to have waived the filing of the same in the Trial Court, This is my reason not to approve, and will not approve of the Statement of Facts, as being the truth to what the Appellants filed, for the fact it is not. Bills of Exceptions, shall control.

/s/ Rosemary Williams
ROSEMARY WILLIAMS, APPELLANTS,
DEFENDANTS"